433 F.2d 302
 LOCAL 134, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, and Local 165, International Brotherhood of Electrical Workers, AFL-CIO, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 18095.
 United States Court of Appeals, Seventh Circuit.
 October 23, 1970.
 Rehearing Denied November 16, 1970.
 
 Robert E. Fitzgerald, Jr., Anna R. Lavin, Chicago, Ill., for petitioners.
 Gordon W. Winks, Rody P. Biggert, Edward W. Bergmann, Chicago, Ill., for Illinois Bell Telephone Co., Intervenor; Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., of counsel.
 Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Allison W. Brown, Jr., William Avrutis, Attys., N. L. R. B., Washington, D.C., for respondent.
 Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Locals 134 and 135, International Brotherhood of Electrical Workers, AFL-CIO, seek to set aside an order of the National Labor Relations Board wherein the unions are ordered to cease and desist from engaging in secondary boycott activity in violation of the provisions of section 8(b) (4) (i) and (ii) (B) of the National Labor Relations Act, 29 U.S.C. § 158(b) (4) (i) and (ii) (B). The Board's order and decision together with the trial examiner's decision are reported at 179 N.L.R.B. No. 33 (1969). The Board has cross-petitioned for enforcement of the order.
 
 
 2
 We are of the view that there was substantial evidence before the Board that the unions, by their picketing and other conduct, induced or encouraged employees of neutral or secondary employers to engage in a strike or refusal to perform services, all with an object to force or require the secondary employer Winston to cease doing business with Illinois Bell Telephone Company, the primary employer.
 
 
 3
 The trial examiner in his decision, which was adopted by the Board, analyzed and treated the various defenses asserted by the unions and reasserted in this review. The Board properly overruled these defenses. Since we agree with the trial examiner's analysis and discussion of these contentions, we think no purpose could be served by further discussion except in one particular.
 
 
 4
 The unions stress in this review an alleged denial of due process in the proceeding before the examiner. They claim they were prejudiced by Bell's failure to respond adequately to subpoenas issued for its records showing what work was performed by Bell at the site during the secondary picketing. The explanation for the failure to supply the records requested in the subpoenas is fully covered in the record and is noted in footnote 8 in the examiner's decision. The explanation was reasonable and adequate. Under the circumstances, the failure to produce the records raised no presumption that Bell performed any additional work at the site other than that disclosed by the evidence in the record.
 
 
 5
 The petition for review is denied and the Board's order will be enforced.